*A.* in the following words: 'Three years after date, I promise to pay *A.* or bearer 1,300 dollars, to be paid at such time as I please, and to deduct 10 per cent. per annum off of the amount paid, at each payment.' *Held,* that the contract was usurious."

In the same case, the general principle (which we suppose will not be controverted), is decided, to-wit: "It is not necessary to prove a corrupt agreement; for a contract may be usurious, though the parties did not know it was contrary to law." The parties to this suit knew that their contract, as first arranged, was contrary to law, and therefore destroyed the notes first drawn, in pursuance of it, and drew other notes which they probably supposed would obviate the difficulty, because they would, on their face, furnish no evidence of the transaction. The separation of the illegal interest from the principal and legal interest, tends to invalidate the contract, rather than legalize it. See 2 Pars. on Cont. 380, citing *Warren* v. *Crabtree,* 1 Greenl. R. 171.

Our statute against usury also shows what constitutes the offense; and if there could be any doubt as to the construction of ch. 57, 1 R. S. § 51, 2 R. S. p. 440, would dispel it. It reads thus: "Any person who shall directly or indirectly bargain for, receive, or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law, shall be fined in five times the interest so unlawfully bargained for, taken, or reserved."

────────

## Starkey and Others *v.* Graydon and Others.

APPEAL from the *Lagrange* Circuit Court.

*Per Curiam.*—This was an action, in the usual form, upon a promissory note.

There was no service upon one of the defendants. The other two answered, first, a general denial; secondly, that they did not execute the note—which second paragraph is sworn to by one of the defendants.

Trial by a jury; verdict for the plaintiffs; motion for a new trial overruled; and judgment.

There are three errors assigned—

1. That the Court erred in admitting the note in evidence, without proof of its execution.

The evidence is not all in the record, and, therefore, we are not informed as to whether such proof was made or not.

2. The evidence was not sufficient.

The same answer may be given to this as to the first <span>Nov. Term, 1858.</span>
assignment.

3. The verdict is contrary to law, &c.

There is no exception appearing in the record to any
legal ruling in the case, except to the decision on the mo-
tion for a new trial, and the pleadings being sufficient,
under the circumstances, the presumption is, that was cor-
rect.

The judgment is affirmed, with 3 per cent. damages and
costs.

*J. M. Flagg* and *R. Parrett*, for the appellants.

*A. Ellison*, for the appellees.